ORIGINAL



FILED

12/06/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0674

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 22-0674

FILED

DEC 06 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

THE ESTATE OF FLORENCE TOSCH,

Plaintiff and Appellee,

v.

EDWARD KAHLE and CATHERINE KAHLE,

Defendants and Appellants.

ORDER

Self-represented Appellants Edward Kahle and Catherine Kahle (hereinafter the Kahles) move this Court for a stay of an order pending appeal. The Kahles appeal a November 4, 2022 Findings of Fact, Conclusions of Law, and Order of Possession where the Lincoln County District Court granted the claim for possession of property to the Estate of Florence Tosch (Estate) and declared that the Kahles must vacate the property within twenty-seven days of its Order.

The Kahles contend that they "will suffer irreparable injury in that [they] will be wrongfully evicted from [their] rightful home . . . ." The Kahles state that this Motion for Stay of Order is "extremely urgent, as the November 4, 2022 order grants a Writ of Possession and a Writ of Assistance effective December 1, 2022[.]" The Kahles include a copy of the December 1, 2022 District Court Order Denying Stay Pending Appeal.

Under the Montana Rules of Appellate Procedure, a person first must seek a stay in District Court. M. R. App. P. 22(1)(a)(i). The Kahles have done so. When reviewing a district court's denial of a motion for stay, this Court is guided by Rule 22(2)(a), which requires that a party seeking relief from the order file a motion within 11 days of the order and demonstrate good cause for the relief requested. The Kahles' motion was filed timely. M. R. App. P. 22(2)(a).

The District Court provided its supporting rationale for the denial of the motion. M. R. App. P. 22(1)(d). The District Court denied the Kahles' Motion for Stay, pointing out that they had not complied with this rule. M. R. App. P. 22(1)(b) provides, in part: "If the appellant desires a stay of execution, the appellant must, unless the requirement is waived by the opposing party, obtain the district court's approval of a supersedeas bond which shall have 2 sureties or a corporate surety as may be authorized by law." The District Court stated: "The Kahles have continued to reside on the premises for over a year after admittedly receiving the Notice of Termination." The District Court determined that the Kahles had not posted a bond or received a waiver from the Estate's counsel to stay the Estate's possession on December 1, 2022.

While the Kahles correctly sought a stay in District Court, the court denied their request because of the failure to post the supersedeas bond. The Kahles have not complied with this rule. M. R. App. P. 22(4). Therefore,

IT IS ORDERED that the Kahles' Motion for a Stay of Order Pending Appeal is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Edward Kahle and Catherine Kahle along with a copy of the Civil Appellate Handbook.

DATED this _____ day of December, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

2